UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    **Hon. Hugh B. Scott**

                                                         04CR278A

NIKOLIA ROMANTCHENCKO,                               **Report**
                                                         **&**
                    Defendant.                       **Recommendation**

Before the Court is defendant's motion to suppress (Docket No. 23) his statements and his cellular telephones seized during defendant's arrest following his crossing of the international border into this country.  Following argument of this motion on May 3, 2005, defendant was given an opportunity to file supplemental briefing by May 11, 2005, with the Government being allowed to respond by May 24, and the motion being submitted as of May 24.  (Docket No. 26.)  Defendant submitted a motion (Docket No. 27) seeking leave to file the supplemental affidavit from the defendant (Docket No. 27); leave is hereby **granted**.  The Government filed a responding affidavit on May 24, 2005 (Docket No. 28).

Originally, defendant moved to compel disclosure from the Government (Docket No. 20).  The Government filed a responding affidavit (Docket No. 21).  This motion was argued on March 11, 2005 (Docket No. 22).  Having received voluntary disclosure, defendant stated that he needed to amend this motion to seek suppression (id.).  That earlier motion is deemed **terminated**.  The Government then filed a responding affidavit to defendant's motion to

suppress (Docket No. 24).  Defendant filed a reply to the Government's response to his motion to

suppress (Docket No. 25).

The Government also sought in its initial response, pursuant to Federal Rule of Criminal

Procedure 16(b), that it be permitted to inspect defendant's papers and other tangible object

(Docket No. 21, Gov't Responding Aff. ¶ 21).  That request is also **granted**.

## BACKGROUND

On October 14, 2004, the Grand Jury for the Western District of New York issued a two-

count indictment against defendant:  in Count 1 charging defendant with importation of

marijuana, in violation of 21 U.S.C. § 952; and in Count 2 charging defendant with smuggling

goods (again, the marijuana) into the United States, in violation of 18 U.S.C. §§ 545. (Docket

No. 14.)  The indictment charged that, on November 4, 2003, defendant imported marijuana into

Niagara Falls, New York (id.).  Defendant plead not guilty.  (Docket No. 15; see Docket No. 23,

Def. Atty. Aff. ¶ 3.)

Defendant was driving a tractor trailer truck and crossed into the United States at the

Queenston-Lewiston Bridge and was detained at the Lewiston Bridge Port of Entry (see Docket

No. 23, Def. Atty. Aff. ¶ 9; Docket No. 27, Def. Aff. ¶¶ 3, 5).  The truck was searched then

moved for secondary inspection where three duffle bags was found in the trailer which inspectors

believed to be marijuana (Docket No. 23, Def. Atty. Aff. ¶¶ 11-12; Docket No. 21, Gov't

Responding Aff., Ex. A, Compl., Supporting Aff. ¶¶ 3, 5 ).  Defendant then was arrested, placed

in United States Customs Service custody, questioned by Customs agents and later asked to sign

a statement advising him of his Miranda rights and his formal waiver of those rights (Docket

No. 21, Ex. A, Compl. Supporting Aff. ¶ 4; Docket No. 23, Def. Atty. Aff. ¶ 12; Docket No. 27,

Def. Aff. ¶¶ 6, 8; Docket No. 28, Gov't Response Aff. ¶ 4, Ex. A).  Defendant's two cell phones were seized.

Defendant, a Russian speaker whose second language is English, claims that he did not understand the warnings given to him while he was in Customs Service custody (Docket No. 27, Def. Aff. ¶¶ 7, 8, 13).

## DISCUSSION

The issue here is whether defendant, who speaks English as his second language and claims that he did not understand the warnings issued to him, made a knowing and intelligent waiver of his rights.  He also contends that the government was not authorized to seize his cellular telephones.

I.      Suppression of Statements

Defendant argues that he made various statements while in Customs Service custody but without having made a knowing and voluntary waiver of his right to remain silent.  (Docket No. 23, Def. Atty. Aff. ¶¶ 18-19).  Further, defendant believes that his detention was unreasonable since there was no probable cause for his arrest.  He seeks a hearing to determine the propriety of the taking of his statements.  (Id. ¶ 20.)

The Government responds that Miranda warnings and the warning statement and written waiver form (in English) were given to defendant.  (Docket No. 21, Gov't Response, Ex. A, Compl. Supporting Aff. ¶ 4; Docket No. 24, Gov't Aff. ¶ 4; Docket No. 38, Gov't Response Aff. ¶ 4.)  It does not indicate if the Customs agents were aware of defendant's language proficiency or whether he truly was aware of the rights he was waiving.

Since this issue turns upon defendant's level of understanding English and his understanding of the <u>Miranda</u> warnings, a hearing is necessary.

II.      Suppression of Seized Telephones

Defendant objects to the seizure of his cellular telephones and subsequent warrantless searches of the telephones, including retrieving telephone numbers from those telephones. (Docket No. 23, Def. Atty. Aff. ¶¶ 21-22.)  The Government took an oral swab from defendant's mouth and had tested the telephones; defendant believes that the Government intends to match any DNA on the telephone to defendant's genetic material (<u>id.</u> ¶¶ 15, 23) without a warrant for the subsequent searches (<u>id.</u> ¶ 24).  The government argues that the seizure of the telephones was incident to defendant's lawful arrest (Docket No. ; <u>see</u> Docket No. 21, Gov't Responding Aff. ¶¶ 19-20 (warrantless border searches authorized)).

Given the evidentiary hearing to be held in this case, the Court will hold determination of this part of defendant's motion in abeyance pending that hearing.

## CONCLUSION

For the reasons stated above, leave to file supplemental materials (Docket No. 27) is hereby **granted**; it recommended that defendant Nikolai Romantchenko's motion to suppress (Docket No. 23) be **held in abeyance pending a hearing**.  The Court will separately schedule this evidentiary hearing.

The Government's request, pursuant to Fed. R. Cr. P. 16(b), to inspect defendant's papers and other objects (Docket No. 21, Gov't Responding Aff. ¶ 21), is hereby **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

5

So Ordered.

s/HBS
_____
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 22, 2005